CLEARY v. OTT.　(No. 10.)

(Supreme Court, Appellate Term, First Department. November 18, 1914.)

PLEADING (§ 317*)—BILL OF PARTICULARS.

In an action for the balance due for goods sold and delivered and labor performed on buildings owned by defendant, in which plaintiff served an itemized statement showing in detail the materials furnished for each building and the number of days' labor thereon, a bill of particulars requiring only such information as he must be presumed to have as to the use of materials, and not requiring details as to the exact distribution of every item of material shown in his statement, or details which he could not possibly furnish, was properly ordered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from City Court of New York, Special Term.

Action by John F. Cleary against Louis Ott. From an order granting defendant's motion for a bill of particulars, plaintiff appeals. Affirmed.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George W. Olvany, of New York City (John Ingle, Jr., of New York City, of counsel), for appellant.

Putney, Twombly & Putney, of New York City, for respondent.

LEHMAN, J. The plaintiff sues for the balance due for goods sold and delivered and work, labor, and services performed in certain buildings owned by the defendant. The defendant has obtained an order for a bill of particulars stating, among other matters:

"The precise locations where the material, alleged in paragraphs I and III of the complaint to have been sold and installed, were installed, and how said materials were distributed into the buildings, floors, rooms, and walls."

Prior to the making of the order the plaintiff had served an itemized statement showing in minutest details the materials furnished to each building and the number of days' labor used. Upon the hearing of the motion the plaintiff made an affidavit that it is impossible to comply with the demand, that the precise location and distribution of each item of material and labor as to "floors, rooms, and walls" be furnished, and that no record is ever kept by a builder of the exact location of every item of material and labor furnished in respect to a building, and he kept no such record in the present case.

It is, of course, true that a bill of particulars should never be ordered which goes beyond the details which the party may reasonably be presumed to be able to furnish, and in this case it is perfectly evident that the contractor cannot possibly state the exact distribution of such items as a keg of nails. On the other hand, it is to be noted that the order does not state specifically that the plaintiff is required to give details of the exact distribution of every item given in his minute statement. The plaintiff undoubtedly knows what work he has performed, and in making deliveries at the premises of doors, sashes, timber, etc., he must have known what part of the work required the use of such materials. If he will furnish such information as he must be presumed to have of the use of his materials, he could in all probability comply with the order reasonably construed. Upon an appeal from the order we certainly cannot presume that the order would be so construed as to require the impossible.

Order should therefore be affirmed, with $10 costs. All concur.